UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
AMERICAN INSURANCE COMPANY, :
:
                         Plaintiff, :       17-CV-5545 (JMF)
:
                -v- :      MEMORANDUM OPINION
:           AND ORDER
ROBERT KARTHEISER et al., :
:
                        Defendants. :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/25/2018

JESSE M. FURMAN, United States District Judge:

       Plaintiff American Insurance Company ("AIC"), the subrogated insurance carrier of Albert M. Watson Photography, Inc. ("Watson Photography"), sues Robert Kartheiser, Caroline Walther-Meade, and various John Does (collectively, "Defendants"). (*See* Docket No. 9 ("Am. Compl.")). AIC seeks compensation for payments it made to Watson Photography in connection with water damage to the latter's property that was allegedly caused by Defendants' negligence. (Am. Compl. ¶¶ 1-22). Defendants now move to dismiss, pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, for failure to join a party — namely, Watson Photography — under Rule 19. (Docket No. 17; *see* Docket No. 15). It is undisputed that joinder of Watson Photography — a New York company, which is pursuing its own lawsuit against Defendants in state court for the portion of its damages that was not paid by AIC — would defeat this Court's subject-matter jurisdiction under the diversity statute. *See* 28 U.S.C. § 1332.

       Under Rule 12(b)(7), courts are required to dismiss an action for failure to join a party under Rule 19. Rule 19, in turn, establishes a "two-part test for determining whether the court must dismiss an action for failure to join an indispensable party." *Fed. Ins. Co. v. SafeNet, Inc.*,

758 F. Supp. 2d 251, 257 (S.D.N.Y. 2010). First, the Court must determine "whether an absent party belongs in the suit" — in other words, whether the absent party is required under Rule 19(a). *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). Second, if the absent party is required under Rule 19(a), but "joinder of the absent party is not feasible for jurisdictional or other reasons," the Court must determine if the absent party is "indispensable." *Id* at 725. If the absent party is indispensable, the court must dismiss the action; if the absent party is not indispensable, the action may continue. *See id.* It is a "generally accepted principle that the court is not limited to the pleadings on a Rule 12(b)(7) motion." *Fagioli S.p.A. v. Gen. Elec. Co.*, No. 14-CV-7055 (AJN), 2015 WL 3540848, at *4 (S.D.N.Y. June 5, 2015).

Under long-settled Second Circuit law, Watson Photography is "clearly" not an indispensable party and Defendants' motion must be denied. *See Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y.* ("*Arkwright-Boston*"), 762 F.2d 205, 209 (2d Cir. 1985). In *Arkwright-Boston*, as here, an insurer sued in federal court to recover for payments made to its insured, while the insured sued the same defendants in state court to recover its deductible. On appeal, the Second Circuit affirmed the district court's denial of the defendants' motion to dismiss pursuant to Rule 12(b)(7). "In a subrogation case," the Court explained, "the insurer and the insured are 'necessary' parties, but clearly they are not indispensable parties." *Id.* at 209 (citing *United States v. Aetna Cas. & Sur. Co.*, 388 U.S. 366 (1949)). The insured's "state action," the Court continued, "seeks only its . . . deductible, while [the insurer's] federal subrogation suit is for the [money] it paid to [the insured]. These two claims are separate and distinct, and . . . [t]he fact that the defendants may be required to defend more than one action arising from the same tort is not grounds for finding the insured an indispensable party to its insurer's partial subrogation action." *Id.*; *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*,

409 F.3d 73, 81 (2d Cir. 2005) ("[I]f joinder of the absent insured or insurer would deprive the court of jurisdiction over the subject matter of the action, the court may properly proceed in accordance with Rule 19 to adjudicate the rights of the suing plaintiff alone; the consequence is that the defendant may have to defend two or more actions on the same tort." (internal quotation marks omitted)).

*Arkwright-Boston* compels denial of Defendants' motion. As in *Arkwright-Boston*, AIC seeks only to recover the money it paid to Watson Photography. (*See* Am. Compl. ¶ 3). By contrast, Watson Photography seeks to recover in its state-court action only the "damages [that] are not covered under [Watson's] insurance policy." (Docket No. 18, Ex. 7, at ¶ 11). Accordingly, there is no danger of double recovery. And in the absence of such a danger, the mere risk that a finding in one action would be given collateral estoppel effect in the other does not alone render Watson Photography an indispensable party. *See, e.g.*, *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y.*, No. 84-CV-5724 (CSH), 1984 WL 1263, at *2 (S.D.N.Y. Nov. 21, 1984) ("Although defendants may be collaterally estopped from denying liability in a subsequent state court trial if found liable in negligence in the trial of this action, there is no possibility of double recovery against defendants."), *aff'd*, 762 F.2d 205; *see also, e.g.*, *Allstate Ins. Co. v. Choi*, No. 06-CV-3870 (CPS), 2007 WL 29384, at *3 (E.D.N.Y. Jan. 4, 2007) ("Resolution of the action between [the insurance company] and the defendants for the amounts paid by [the insurance company] on the policy will not impede the [the insured's] ability to pursue their state court remedies.").

Accordingly, Defendants' motion to dismiss is DENIED. Unless and until the Court orders otherwise, Defendants shall file an answer **within three weeks of this Memorandum Opinion and Order**. Additionally, the parties shall appear for an initial pretrial conference with

3

the Court on **June 27, 2018,** at **4:15 p.m.**, in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York.  In accordance with the Notice of Initial Pretrial Conference (Docket No. 4), the parties shall file a joint letter and proposed Case Management Plan no later than the Thursday before the conference.

    The Clerk of Court is directed to terminate Docket No. 17.

    SO ORDERED.

Date:  May 25, 2018
        New York, New York

_____
JESSE M. FURMAN
United States District Judge